UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RITA M. SLONE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 08-361-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Rita M. Slone and Defendant Michael J. Astrue, Commissioner of Social Security (the Commissioner).  [Record Nos. 8 and 9]  Slone seeks to reverse the Commissioner's decision that she is not entitled to a Period of Disability and Disability Insurance Benefits (DIB). However, the Commissioner contends that the Administrative Law Judge's (ALJ) decision is supported by substantial evidence and should be affirmed.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Slone.

## I.    Background

Slone previously filed for a Period of Disability and DIB in August 2005, alleging disability beginning November 24, 2004.  Her claim was denied initially (October 26, 2005) and on reconsideration (April 3, 2006).  Upon her request for an administrative hearing, Slone, her attorney, and a vocational expert (VE) Martha R. Gross, appeared before ALJ Timothy G. Keller

-1-

on December 4, 2007, in Frankfort, Kentucky.  In his subsequent December 14, 2007, decision, ALJ Keller found that Slone was not disabled under §§ 216(i) and 223(d) of the Social Security Act, and, therefore, was not entitled to a Period of Disability or DIB.  [Tr., p. 27]  Slone now seeks review of the ALJ's decision.

At the time of the administrative hearing, Slone was a fifty-year-old woman with a high school education and a degree in licensed practical nursing.  [Tr., p. 166]  She has work experience as a special education assistant and attendance secretary in the Wayne County school district.  Her alleged disability stems from a diagnosis of fibromyalgia, weakness, problems concentrating, and problems breathing.  After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Slone suffered from the severe impairments of back and hip pain and depression, along with the non-severe impairments of fatigue; pain in the hands, feet, shoulders, and elbows; and asthma/chronic obstructive pulmonary disease.  [Tr., p. 20] Notwithstanding these impairments, the ALJ found that Slone retained the residual functional capacity (RFC) to perform a limited range of light work.  Specifically, the ALJ concluded that Slone was,

> able to understand, remember and carry out simple and some detailed tasks and instructions, able to maintain concentration and attention for two hour segments over an eight hour work period, able to respond appropriately to supervisors and co-workers in a task oriented setting where contact with others is casual and infrequent, able to relate adequately in an object focused setting and able to adapt to changes and pressures of a routine setting.

[Tr., p. 26]  As a result of the ALJ's assessment, Slone was denied DIB and a period of disability.

-2-

## II.      Standard of Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (citing 20 C.F.R. § 404.1520(b)-(g)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d

-4-

1230, 1233 (6th Cir. 1993).  Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

### III.    Analysis

Slone alleges that the ALJ erred in failing to designate her impairments of fibromyalgia and depression as "severe."  In support, she asserts that the ALJ did not accord proper weight to the opinions of two of her treating sources and that his determination of her credibility was an impermissible substitution of his own judgment in place of the judgment of a medical expert.

### A.    Opinions of the Treating Sources

As an initial matter, Slone asserts that the ALJ did not give controlling weight to her treating physicians' opinions on fibromyalgia as a "severe" impairment.[1]  A "severe" impairment is defined as an "impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  Impairment must be established through medical evidence "consisting of signs, symptoms, and laboratory findings, not only by claimant's statement of symptoms."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007).  However, fibromyalgia presents some special issues for evaluation. "[U]nlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs."  *Id.*  Because fibromyalgia is a disease with entirely subjective symptoms, it is difficult to diagnose and treat.

In *Rogers*, the Sixth Circuit found that the claimant's fibromyalgia was a severe impairment based on the opinions of two treating physicians and the claimant's subjective

---

1.      Slone argues that the ALJ improperly categorized her depression as a non-severe impairment.  This is incorrect.  The ALJ clearly found that her depression was a severe impairment.  [Tr., p. 20]

complaints. *See id.* The claimant's treating sources detailed nearly 14 years of fibromyalgia symptoms, along with fibromyalgia testing. In addition, one of the treating sources was a rheumatologist. However, the treating physicians' opinions in this case are distinguishable.

Here, Slone's long-term physician, Dr. Colin Raitiere, did not ever positively diagnose her with fibromyalgia. In early 2002, he began treating Slone for "pain and achiness in her arms and hands" – a common symptom of fibromyalgia. [Tr., p. 232] In May 2002, Slone went to Dr. Raitiere's office once again complaining about the pain and achiness. In efforts to diagnose this pain, Dr. Raitiere discontinued Slone's Lipitor prescription, but Lipitor was ruled out as a cause. Carpal tunnel syndrome was proposed as a possible diagnosis in May 2002. [Tr., pp. 232-233] During visits in October 2002, Slone did not mention any further fibromyalgia symptoms. [Tr., pp. 219-224]

In December 2002 and January 2003, Slone reported back pain that appears to have stemmed from cleaning a basement, when something "pop[ped] in her back." [Tr., p. 212] A February 2003 visit was for more resulting lower back pain and numbness in the legs. [Tr., p. 204] During Slone's May, July, and August 2003 visits, her chief complaints involved asthma and one mention of chronic pain. Dr. Raitiere's assessment regarding the pain was "probably fibromyalgia." [Tr., pp. 197, 191] However, in Dr. Raitiere's September 2003 evaluation of Slone's condition, he stated that he was "still not convinced that she has fibromyalgia." Instead, he was concerned that Slone's symptoms were caused by an underlying rheumatic disease. [Tr., p. 189]

-6-

Although the visits mentioned above occurred prior to the alleged date of disability onset (November 24, 2004), they clearly establish that Slone did suffer from fibromyalgia-type symptoms. Remaining records from Dr. Raitiere also show that these symptoms were recurring throughout 2003 to November 2007, at least in terms of her subjective complaints. [Tr., pp. 511-589, 631] These more recent records lack any objective indicators of the disease. Perhaps this paucity is due to the fact that Dr. Raitiere referred Slone to rheumatologist Paul Goldfarb.

Dr. Goldfarb recorded an initial impression of fibromyalgia, with a plan to run objective tests in conjunction with her next visit. However, Slone failed to appear for a follow-up appointment and, in fact, did not return to Dr. Goldfarb until nearly two years had passed (on January 18, 2005). At that time, Dr. Goldfarb observed that her fibormyalgia was "worsening" based on her complaints, but a radiology report on her feet was "normal" and he noted that there was "not a lot on exam except pain." [Tr., p. 280] There are no additional records from Dr. Goldfarb – the only rheumatologist of record.

Finally, the last physician who might be termed a "treating source" is Dr. Anjum Bux, who first saw Slone in June 2003. Dr. Bux more concretely diagnosed Slone with fibromyalgia, but he was able to treat her symptoms successfully. Based on his diagnosis, he began Slone on a series of steroid injections beginning in July 2004 and continuing through January 2007. [Tr., pp. 451-495] Slone responded well to the injections, with reports varying from 80 to 85% relief of pain to complete resolution. In Dr. Bux's most recent January 31, 2007 report, he noted that Slone had had an injection the week before and was "doing very well on her left side." [Tr., p. 451]

Both doctors appear to agree that Slone suffered from fibromyalgia-related symptoms. And although Dr. Raitiere expressed some reservations about the diagnosis, he ultimately continued to list it as an assessment. However, there is little indication in the record that fibromyalgia prevented Slone from working or that the pain was uncontrollable. In fact, Dr. Bux's records indicate that Slone's pain was under control with steroid injections and that she reported nearly full recovery. There are also very few objective indicators of fibromyalgia, and a specialist in the field, Dr. Goldfarb, was unable to reach a conclusive diagnosis. Although Dr. Bux initially stated that Slone met the technical definition of fibromyalgia, Dr. Raitiere's records show that her chronic pain may not even be the result of fibromyalgia but could be the result of a cleaning accident, or rheumatic disease. In *Rogers*, the Sixth Circuit found that the treating physicians independently observed "characteristic tenderness in certain focal points, recogni[zed] [] hallmark symptoms, and systematic[ally] eliminat[ed] [] other diagnoses." *Rogers*, 486 F.3d at 244. In addition, there was documentation of tissue swelling and joint tenderness; injections only relieved her pain by 60%. *Id.* at 239.

Notwithstanding their own records, both of Slone's physicians completed RFC questionnaires in which they found that Slone was limited in her ability to tolerate sustained work activity. [Tr., pp. 312-314, 313-305] The ALJ rejected the findings, as it is wholly the province of the Commissioner to make the disability determination. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Further, Dr. Bux's findings were inconsistent with his records, in which he found that regular treatment afforded Slone near-complete relief. Dr. Raitiere's records are not as conclusive. However, the ALJ discussed Dr. Raitiere's records and

-8-

observed the lack of objective evidence, together with the fact that, at one point, Dr. Raitiere questioned the diagnosis of fibromyalgia.  [Tr., pp. 21, 25]

An ALJ must provide good reasons for discounting the opinions of treating physicians. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. 2008) (unpublished).  Here, ALJ Keller provided reasons and did not simply "summarily dismiss" the physicians' opinions.  In addition, his rejection of the physicians' disability determinations finds support in the record, even though reasonable minds may disagree as to his ultimate conclusion.  Thus, the failure to categorize Slone's impairment as "severe" was not erroneous under the standard that the Court must apply.

### B.      Credibility of the Claimant

Slone's second argument concerns the ALJ's assessment of her credibility.  "Credibility determinations with respect to subjective complaints of pain rest with the ALJ."  *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) (internal citations omitted).  Such deference is necessary because the ALJ is charged with the duty of observing the claimant's demeanor.  *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (unpublished).  In *Vance*, the claimant had established that she suffered from symptoms of fibromyalgia, however, she was unable to establish that those symptoms were severe enough to warrant disability benefits.  Similarly, the ALJ here found that Slone's impairments could reasonably be expected to produce her alleged symptoms, but that her statements concerning the "intensity, persistence and limiting effects of these symptoms" were not entirely credible. [Tr., p. 25]

The ALJ properly weighed the evidence and found that Slone was not credible with respect to the severity of her symptoms.  She lives with her disabled husband and does the cooking and cleaning when she is feeling well.  Although she stated that her daughter helped her with these activities, the ALJ gleaned that Slone's daughter spent a portion of the time away at college.  Slone is able to (and does) drive.  As discussed above, her symptoms are also controlled by medication.  Thus, substantial evidence supports the ALJ's determination that her complaints of debilitating pain were not entirely credible.

### IV.   Conclusion

Although Slone has established that she suffers from some medical impairments, she has not established that those symptoms are severe enough to warrant the award of disability benefits.  The ALJ's review and subsequent rejection of the disability determinations tendered by Drs. Raitiere and Bux was not error, nor were his findings regarding Slone's credibility.  Viewing the record as a whole, substantial evidence supports his decision to deny Slone's petition.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Rita Slone's Motion for Summary Judgment [Record No. 8] is **DENIED**;

2.      Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 9] is **GRANTED**; and

3.      The administrative decision will be **AFFIRMED** by separate judgment entered this date.

-10-

This 4ᵗʰ day of August, 2009.



Signed By:

_Danny C. Reeves_  DCR

**United States District Judge**